PER CURIAM.
On 21 October 1977, based on a petition filed by The Florida Bar, this Court temporarily suspended respondent, John L. Hart- *354 nett, a member of The Florida Bar, pursuant to Florida Bar Integration Rule, article XI, Rule 11.10(5). Prior to that date a complaint had been filed by The Florida Bar alleging additional ethical misconduct by respondent. Upon stipulation of counsel the case was before the referee and therefore before us on the matters raised in the petition for temporary suspension as well as the complaint filed by the Bar in Case 11L76-17. The petition for suspension will thus be treated as a charging document. The referee’s report and record, including respondent’s guilty plea,[1] were duly filed with this Court pursuant to Florida Bar Integration Rule, article XI, Rule 11.-06(9)(b). No petition for review has been filed.
The findings and recommendations of the referee are as follows:
Findings of Fact as to Each Item of Misconduct of Which the Respondent is Charged: After considering all the pleadings and evidence before me, pertinent portions of which are commented upon below, I find:
As to Case 52,538
On April 19, 1976, John L. Hartnett, was appointed personal representative of the Estate of Mary E. Smith, Case No. 76-1875 in the Eleventh Judicial Circuit Court in and for Dade County, Florida. The only known asset of the Estate was the proceeds of a real estate sale which consisted of approximately $10,000. When Mr. Hartnett signed the Oath of Personal Representative on April 16, 1976, he knew that this asset existed and that the heirs were William F. Smith and Dorothea McCaffrey of Troy, New York.
On April 21, 1976, John L. Hartnett received Court authorization to complete the sale of the real estate, and thereby complete the only outstanding transaction in this simple Estate. Despite the Court authorization and despite numerous requests from the heirs and the Court, Mr.
Hartnett failed to close the Estate and account for the proceeds of the Estate until August 4, 1977, when he mailed identical $4,843.44 checks to the heirs. These checks, drawn on account 33-121-5 at the Florida National Bank at Coral Gables, were described by Mr. Hartnett’s cover letter as being drawn on his “Trust Account.” In exchange for these checks, the heirs executed Receipt of Legatee forms sent by Mr. Hartnett.
The “Trust Account” checks of Mr. Hartnett to the heirs were dishonored for insufficient funds. The funds have not yet been properly accounted for or paid to the heirs, and the Estate has not been closed.
As to Case 11L76-17
Between October 1, 1975 and April 26, 1976, John L. Hartnett maintained Trust Account 441-1707 as his attorney’s trust account pursuant to Integration Rule 11.02(4) and DR9-102. Despite the fact that this was his Trust Account, respondent, John L. Hartnett, disbursed funds from the account for his own purposes without prior consent of the clients. Specifically, he engaged in a continuous series of transactions wherein he accepted for deposit checks from his brother, William Hartnett, and Hartnett family businesses, knowing that these checks would not clear, then exchanged his Trust Account checks for bank or cashier’s checks to the benefit of William Hartnett and Hartnett family businesses. As a result, John L. Hartnett used his clients’ trust monies until William Hartnett or the Hartnett family businesses were able to make good the dishonored checks. Therefore, John L. Hartnett’s Trust Account frequently reflected a bank balance less than the combined balance indicated by adding the balances of individual client ledger sheets. Despite the fact that the Trust Account could not be properly reconciled, John L. Hartnett withdrew additional monies from his *355 Trust Account for his own benefit in December 1975.

Recommendation as to Whether or Not the Respondent Should Be Found Guilty:

As to each case, I make the following recommendations as to guilt or innocence:
As to Case 62,538
I recommend that the Respondent be found guilty and specifically that his conduct in the Estate of Mary E. Smith, Case 76-1875, violates DR6-101(A)(3) and DR7-101(A)(2) and (3) in that Mr. Hartnett neglected his clients, failed to carry out his oath and prejudiced the clients by failing to provide them the funds due. I further find that Mr. Hartnett has converted the trust funds of the Estate to his own use in violation of DR9-102 and Integration Rule 11.02(4).
As to Case 11L76-17
I recommend that the Respondent be found guilty and specifically that he commingled and misappropriated Trust Account funds in violation of Integration Rules 11.02(4) and 11.02(3)(a).

Recommendation as to Disciplinary Measures To Be Applied:

I recommend that the Respondent be suspended from the practice of law in Florida for two years and indefinitely thereafter until he shall have proven rehabilitation. Since he has already been temporarily suspended by the Supreme Court of Florida as of October 21, 1977, in Case 52,538, I recommend that his two year suspension begin as of that date. I further recommend that his proof of rehabilitation specifically include, but not be limited to, the following terms and conditions:
A. The Respondent will not commit any crimes or violate the Integration Rule or Code of Professional Responsibility of The Florida Bar.
B. The Respondent shall, not later than thirty days after approval of this Report by the Supreme Court of Florida, provide to the Clerk of the Supreme Court with a copy to Staff Counsel, an audit of all his law office accounts, trust or otherwise, by an independent accountant, and a similar audit of all accounts in which trust monies or other properties are kept. The Respondent shall also file a second audit by an independent accountant closing out these accounts and making proper disbursements of all trust funds and properties not later than ninety days after the first audit. (If all trust funds and properties are disbursed at the time of first audit, no further audit will be required.)
C. The Respondent shall, not later than thirty days after this Report is accepted by the Supreme Court of Florida, list all accounts, trust, business, or otherwise on which he has been authorized to sign checks or make withdrawals since January 1, 1975. Respondent shall also file this list with the Clerk of the Supreme Court with a copy to Staff Counsel not later than thirty days after this Report is approved by the Supreme Court of Florida.
D. Respondent shall, not later than ninety days after his first audit is filed, file with the Clerk of the Supreme Court, with a copy to Staff Counsel, an accounting by an independent accountant for the funds in the following matters:
1. Case No. 76-1875, the Estate of Mary E. Smith.
2. Cashier’s Check ' 323786,1 dated October. 9, 1975' for f $1,500.00, drawn by John L. I Hartnett on the Flagship National Bank of Coral Gables, payable to Lumbermens Mutual *, Insurance Company.
3. $35,938.24 received by John L. Hartnett and deposited in his Trust Account on October 16, 1975.
E. Respondent shall comply with the Notice provisions of Integration Rule 11.10(6).
*356 F. The Respondent shall make restitution to William F. Smith & Dorothea McCaffrey of all funds found due and owing to them by the accounting in paragraph D.I., above, within 90 days after the accounting is filed. Respondent shall make restitution, as a condition of his proof of rehabilitation, of any other trust funds found due and owing pursuant to the audits and/or accountings set forth above.
G. Respondent shall embark upon a rehabilitation program for alcoholism, as an added condition of rehabilitation.
Having carefully reviewed the record, we find the allegations of the complaints to be proven by respondent’s admission and, therefore we approve the findings and recommendations of the referee.
Accordingly, respondent, John L. Hart-nett, is hereby suspended from the practice of law for a period of two years and indefinitely thereafter until he shall prove rehabilitation by complying in full with the terms and conditions set forth in the referee’s report which are incorporated herein by reference. The suspension shall be deemed to have begun as of 21 October 1977. In addition, respondent’s suspension shall continue for such further period until he shall pay the costs of this proceeding.
Costs in the amount of $1,216.29, found by the Court to have been reasonably incurred by The Florida Bar, are hereby taxed against the respondent.
It is so ordered.
BOYD, Acting C. J., and OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.

. On 2 November 1977, the date the referee’s report was filed, respondent pleaded guilty to the allegations set forth against him and agreed to the disciplinary measures recommended in the referee’s report. The guilty plea, however, does not extend to any violations of the Florida Statutes or sections of the United States Code.